**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| LEE ROY HARRISON,           )<br>                              )<br>        Plaintiff,            )<br>                              )<br>v.                            )      Case No. 05-CV-0491-CVE-FHM<br>                              )<br>LEVITON MANUFACTURING        )<br>COMPANY, INC.,               )<br>                              )<br>        Defendant.            ) | |

**OPINION AND ORDER**

Now before the Court is defendant's Motion to Dismiss Plaintiff's Amended Class Action Complaint and Brief in Support (Dkt. # 25). Defendant asks the Court to dismiss the amended complaint for failure to state a claim under Fed. R. Civ. P. 12(b)(6).

**I.**

Leviton Manufacturing Company, Inc. ("Leviton") designs and manufactures backwire push-in electrical receptacles. A receptacle is a device intended to provide a temporary electrical connection with a fixed electrical plug, and such devices are commonly used in residential homes. A receptacle does not generate its own electrical power but, instead, each receptacle contains terminals on the back that are connected to wires or electrical equipment. Receptacles are normally attached to wiring or electrical equipment within a wall and are concealed, so that most homeowners are not aware of the receptacle. The two most commonly used types of receptacles are set-screw terminals and backwire push-in terminals. Plaintiff alleges that backwire push-in terminals are fundamentally unsafe and increase the risk of electrical fires. In particular, plaintiff claims that backwire push-in terminals degrade quickly due to environmental factors and have a higher resistance to electrical flow, which

creates excessive heat at the point of contact. Plaintiff alleges that Leviton has been aware, or should have been aware, of this danger since at least 1989.

Plaintiff's theory seems to be that increased heat from use of these plugs causes wiring to melt, which can result in short circuits or electrical fires. The amended complaint contains general allegations that backwire push-in receptacles have damaged wiring in residential homes and started electrical fires, but it is not clear from the amended complaint that plaintiff has personally been injured in this way. Plaintiff alleges that he is "informed and believes that the defects in the particular receptacles of Defendant . . . that are the subject of Plaintiff's claims have resulted in residential homes sustaining physical injury to tangible property . . . ." Dkt. # 13, Amended Class Action Complaint, at 5-6. Defective push-in receptacles allegedly require homeowners to repair or replace wiring, but the amended complaint does not contain any allegations that plaintiff has discovered damaged wiring in his home. Instead, plaintiff states the he intends to replace all push-in receptacles in his home, and that he anticipates incurring expense or inconvenience from this process. Id. at 9.

Plaintiff alleges five claims for relief in his amended complaint: (1) violations of the Oklahoma Consumer Protection Act, Okla. Stat. tit. 15, § 751 et seq. ("OCPA"); (2) breach of implied warranties of merchantability and fitness for a particular purpose; (3) unjust enrichment; (4) negligence; and (5) strict products liability.[1] Defendant filed a motion to dismiss the amended complaint, or in the alternative, requests that the Court dismiss specific claims. The thrust of defendant's argument is that plaintiff has not suffered a legally cognizable injury and, therefore, there is no case or controversy before the Court. Plaintiff responds that his complaint sufficiently alleges that class members have

---

[1] The original complaint alleged claims for violations of the OCPA and breach of implied warranties of merchantability and fitness for a particular use only.

2

incurred economic injuries from using defendant's product and face a risk of imminent danger from use of defendant's product.

## II.

When reviewing a motion to dismiss under Rule 12(b)(6), the court must construe the allegations of the complaint as true and view the allegations in the light most favorable to the nonmoving party. Moffett v. Halliburton Energy Services, Inc., 291 F.3d 1227, 1231 (10th Cir. 2002). A Rule 12(b)(6) motion "should not be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Sutton v. Utah State School for the Deaf & Blind, 173 F.3d 1226, 1236 (10th Cir. 1999).

## III.

Defendant argues that plaintiff lacks standing to pursue any of his claims under Article III of the federal constitution, because he has not suffered an injury-in-fact. Defendant raises issues of constitutional standing based on plaintiff's failure to allege that use of defendant's product has caused a concrete injury. Plaintiff responds that he has alleged property damage and an increased risk of personal harm, and that these allegations are sufficient to create a justiciable case or controversy.

Plaintiff does not address the issue of constitutional standing, but even if defendant had not raised the issue, the Court has a duty to consider whether plaintiff satisfies the three-part test for standing under Article III of the United States Constitution. United States v. Parker, 362 F.3d 1279, 1284 (10th Cir. 2004); People for the Ethical Treatment of Animals v. Rasmussen, 298 F.3d 1198, 1203 (10th Cir. 2002). The Supreme Court has recognized three elements for standing under Article III:

> First, the plaintiff must have suffered an "injury in fact"-an invasion of a legally protected interest which is (a) concrete and particularized, and (b) "actual or imminent, not 'conjectural' or 'hypothetical.'" Second, there must be a causal connection

3

> between the injury and the conduct complained of-the injury has to be "fairly . . . trace[able] to the challenged action of the defendant, and not . . . th[e] result [of] the independent action of some third party not before the court. Third, it must be "likely," as opposed to merely "speculative," that the injury will be "redressed by a favorable decision."

Lujan v. Defenders of Wildlife, 504 U.S. 555 (1992). The standing requirement ensures that "the legal questions presented to the court will be resolved, not in the rarified atmosphere of a debating society, but in a concrete factual context conducive to a realistic appreciation of the consequences of judicial action." Valley Forge Christian College v. Americans United for Separation of Church & State, Inc., 454 U.S. 464, 472 (1982). "Allegations of possible future injury do not satisfy the requirements of Art. III. A threatened injury must be 'certainly impending' to constitute injury in fact." Nova Health Systems v. Gandy, 416 F.3d 1149, 1155 (10th Cir. 2005) (quoting Whitmore v. Arkansas, 495 U.S. 149, 158 (2005)). In the context of a potential class action, the named representative of the class must have standing to bring a claim, or the class action may not proceed. Sosna v. Iowa, 419 U.S. 393, 398-99 (1975); James v. City of Dallas, Texas, 254 F.3d 551, 562-63 (5th Cir. 2001).

The amended complaint contains conflicting statements regarding the type of injury plaintiff is alleging. Contrary to plaintiff's assertions, the amended complaint does not state that plaintiff has actually been harmed by Leviton's product, but he states that he believes he may incur expense in the future to remove defendant's product from his home. For example, plaintiff states that

> [he] must now, at considerable time and expense, remove and replace every one of the push-in receptacles installed in his house or which came with the house when Plaintiff purchased the house. Such a project also includes consequential inconveniences and expenses, such as loss of time, having to shut off all of the power in the house for the period of time necessary for the work to be completed.

Dkt. # 13, Amended Class Action Complaint, at 9. The alleged need to replace the push-in receptacles in his home has not arisen because plaintiff has not actually discovered any damage to the wiring in his home. He merely seeks to prevent any damage from occurring, based on his theory that increased

heat caused by the receptacle will eventually cause the wiring to deteriorate.[2] In the first paragraph of the amended complaint, plaintiff clearly states that the putative class specifically excludes any "consumers who have sustained personal injury and/or property damage (other than damage to the receptacle and/or wire/insulation in the vicinity of the receptacle termination) as a result of Defendant's practices." Id. at 1. If this is true, plaintiff's concern over the increased risk of electrical fires and resulting personal injury are irrelevant to the Court's consideration. Plaintiff limits his claim for damages to the replacement cost of the defective product and related electrical equipment, but he does not allege that he has suffered any harm that would fall into this category.

The primary focus for any analysis of standing under Article III "is whether plaintiff has suffered a present or imminent injury, as opposed to a mere possibility, or even probability, of future injury." Morgan v. McCotter, 365 F.3d 882, 888 (10th Cir. 2004). In cases where the plaintiff alleges an increased risk of injury, the plaintiff must show a risk of serious future harm and some tangible present injury. Sutton v. St. Jude Medical S.C., Inc., 419 F.3d 568 (6th Cir. 2005) (patient that received allegedly defective aortic connector faces substantial risk of future harm and current injury of increased medical monitoring sufficiently alleged injury-in-fact); Rivera v. Wyeth-Ayerst Laboratories, 283 F.3d 315, 321 (5th Cir. 2002) (plaintiffs that purchased allegedly defective prescription drug but did not allege any present harm did not have standing to sue). Plaintiff's amended complaint specifically states that he is not seeking to bring a claim for the risk of future

---

[2] Plaintiff points to a "general trend of increased current loading of household receptacle circuits" due the increased number of electrical devices in the average home. Plaintiff claims that he has alleged an injury because he states that "[d]efective Leviton backwire push-in receptacles damage the fixed wiring in homes, which is part of the residential structure and separate from the receptacle itself, thereby causing damages requiring the rewiring and/or replacement" of electrical wiring and equipment. However, plaintiff does not actually allege that wiring in his home has been damaged.

5

personal injury or property damage, and there is no indication that plaintiff will suffer an immediate injury. The amended complaint also does not contain any allegations that plaintiff has suffered a tangible present injury to accompany his claims for potential future harm. Plaintiff has not carried his burden to demonstrate that he has standing under Article III, because he can not show that he has suffered or will immediately suffer a concrete injury-in-fact.

Even though this is a putative class action, plaintiff may not base his right to sue on an injury allegedly suffered by other class members. Plaintiff may not represent a putative class if he has not actually suffered the injury for which the class seeks redress. The named representative of the class must have standing to bring a lawsuit or the court must dismiss the proposed class action. Rector v. City & County of Denver, 348 F.3d 935, 946 (10th Cir. 2003) (dismissing class action brought under section 1983 challenging procedure assessing late fees for parking tickets because defendants did not assess or attempt to collect a late fee from class representatives). The named class representative can not base his standing to sue on the alleged injuries suffered by potential class members. Allen v. Medrano, 416 U.S. 802, 828-29 (1974); O'Shea v. Littleton, 414 U.S. 488, 675 (1974). Plaintiff must identify an independent basis for standing beyond the alleged injuries suffered by putative class members. Plaintiff's argument that members of the proposed class have replaced wiring in their homes will not suffice to save plaintiff's amended complaint from dismissal.

The Court finds that plaintiff's vague allegations related to an increased risk of injury are insufficient to meet the injury-in-fact requirement for standing under Article III. Accepting plaintiff's allegations as true, he had not suffered any economic or personal injury at the time he filed his lawsuit. Plaintiff's statements that he will suffer future economic harm and potential inconvenience from replacing any of defendant's receptacles in his home do not presently create a justiciable case or

controversy. Therefore, plaintiff's amended complaint must be dismissed due to his lack of Article III standing.

## IV.

Even if the Court assumes that plaintiff meets the standing requirements of Article III, plaintiff has not alleged the type of injury that may be redressed by his legal claims. Plaintiff has alleged five claims, and each of those claims requires that plaintiff demonstrate an injury that was caused by defendant's conduct.

## A.

Plaintiff alleges that he has suffered economic injuries because of Leviton's unfair or deceptive conduct in violation of the OCPA. In order to state a prima facie case under the OCPA, plaintiff must allege four elements:

> (1) that the defendant engaged in an unlawful practice as defined at 15 O.S. (1991), § 753; (2) that the challenged practice occurred in the course of defendant's business; (3) that the plaintiff, as a consumer, suffered an injury in fact; and (4) that the challenged practice caused the plaintiff's injury.

Patterson v. Beall, 19 P.3d 839, 846 (Okla. 2000). Defendants focus on the third and fourth elements and assert that plaintiff's amended complaint contains no allegations that he was injured by Leviton's allegedly unlawful business practices. See Okla. Stat. tit. 15, § 761.1. A person does not qualify as an aggrieved consumer under section 761.1 simply because he paid the purchase price for a product; he must have "suffered some detriment to successfully pursue a private right of action under § 761.1A." Walls v. American Tobacco Co., 11 P.3d 626, 629 (Okla. 2000). In order to show that he has a personal stake in the litigation, plaintiff must identify an "actual or threatened distinct injury which has a causal connection between the alleged wrong and the actions challenged." Id.

Plaintiff alleges that he purchased a home that contained push-in receptacles and that he believes he must replace every such receptacle. Based on plaintiff's amended complaint, this injury could include the cost of replacing a defective receptacle or repairing melted wiring, or even an electrical fire. However, there are no allegations that he has actually suffered this type of injury from using the product or that has an imminent apprehension that these injuries will occur. It appears that members of the putative class may have incurred expense or even had an electrical fire, but that plaintiff has not personally been the victim of these adverse circumstances. Courts do not allow consumers to bring claims against manufacturers for products that are perceived to be harmful, but that have not actually cause an identifiable injury. See Coker v. DaimlerChrysler Corp., 617 S.E.2d 306, 313-14 (N.C. App. Ct. 2005) (dismissing claim under North Carolina Unfair Trade and Deceptive Trade Practices Act for failure to show risk of immediate injury from product defect); Verb v. Motorola, Inc., 672 N.E.2d 1287, 1295 (Ill. App. Ct. 1996) (dismissing consumer fraud claims based on allegations that cellular telephone might increase risk for certain heath problems); Ziegelmann v. DaimlerChrysler Corp., 649 N.W.2d 556 (N.D. 2002) (dismissing proposed class action regarding allegedly defective brakes because no class member had actually been harmed by product defect).

As a consumer, plaintiff has not incurred any additional expense because defendant's product was installed in his home. Plaintiff claims that he is threatened by "the risk of fire and death as a result of the manifest defects in Leviton's receptacles." Dkt. # 28, at 16. However, his amended complaint disclaims that he is seeking relief for this type of injury, because he excludes any person from the putative class who has "sustained personal injury and/or property damage (other than damage to the receptacle and/or wire/insulation in the vicinity of the receptacle termination). Dkt. # 13, at 1. Plaintiff is seeking money damages for a product that will only hypothetically caused him any harm. This is not the type of "actual or threatened distinct injury" required to bring a claim under the OCPA, as

8

plaintiff must allege actual damages to qualify as an "aggrieved consumer" under the act. <u>Walls</u>, 11 P.3d at 629. Such allegations are conspicuously absent from the amended complaint, and the Court finds that plaintiff's claim under the OCPA must be dismissed for failure to state a claim.

**B.**

Plaintiff alleges that Leviton's push-in receptacles are defective, and fail to meet the applicable consumer safety codes regarding fire protection. He claims that product defects "have resulted in residential homes sustaining physical injury to tangible property including, but not limited to, damage to the wiring, electricity, and electrical systems of these homes which have incorporated" defendant's allegedly defective product. Defendant argues that plaintiff fails to allege that the product is presently defective but, instead, that plaintiff has merely stated his belief that the product is likely to cause an injury.

Under Oklahoma law, a warranty of merchantability is implied in every contract for the sale of goods. Okla. Stat. tit. 12A, § 2-314. A consumer may bring a claim for breach of warranty against the retailer and the manufacturer to recover the benefit of the bargain. <u>Waggoner v. Town & Country Mobile Homes, Inc.</u>, 808 P.2d 649, 652 (Okla. 1990). The consumer has the burden to prove that the product was defective at the time it left the manufacturer's possession or control. <u>Thompson v. Trane Co.</u>, 500 P.2d 1329, 1333 (Okla. 1972). The implied warranty of merchantability is not indefinite, but lasts for a reasonable time only. <u>Hoort v. Oklahoma Truck Parts, Inc.</u>, 650 P.2d 71, 73 (Okla. Civ. App. 1981). A necessary part of every breach of warranty claim is that plaintiff suffer an actual loss that was proximately caused by defendant's breach of warranty. <u>American Fertilizer Specialists, Inc. v. Wood</u>, 635 P.2d 592, 595 (Okla. 1981); <u>Collins Radio Co. of Dallas, Texas, v. Bell</u>, 623 P.2d 1039, 1052 (Okla. Civ. App. 1980). Plaintiff must also allege that he has suffered an injury and damages

when claiming a breach of the implied warranty of fitness for a particular purpose under Okla. Stat. tit. 12A, § 2-315. <u>Collins Radio Co.</u>, 623 P.2d at 1052.

Based on the amended complaint, it is not apparent that plaintiff has suffered a manifestation of the alleged defect or that the push-in receptacles in his home are actually defective. Plaintiff cites <u>Seely v. White Motor Co.</u>, 403 P.2d 145 (Cal. 1965), for the proposition that the risk of physical injury is compensable in a breach of warranty action, because the plaintiff should not have to wait for a physical injury to occur before bringing suit. <u>Id</u>. at 155. The holding of <u>Seely</u> was that purely economic loss for an intrinsic product defect can not be recovered with a tort claim, and that plaintiff's economic injury was compensable through a breach of warranty claim only. See <u>Sharon Steel Corp. v. Lakeshore, Inc.</u>, 753 F.2d 851, 854 (10th Cir. 1985). However, the economic loss doctrine does not create an injury where none exists. Plaintiff argues that Leviton's products are continuously malfunctioning, consequently causing an ongoing injury.

This case is analogous to <u>Briehl v. General Motors Corp.</u>, 172 F.3d 623 (8th Cir. 1999), where the Eighth Circuit dismissed a putative class action based on a claim that defendants designed an inherently defective anti-lock braking system. <u>Id</u>. at 626. The case was dismissed because the plaintiffs did not allege that the defect had actually caused any plaintiff an injury, and none of the plaintiffs could show he or she was entitled to damages. The plaintiffs amended their complaint to include allegations that proposed class members had suffered an accident that was caused by the defective brakes, but also continued to pursue a class action based on a theory that putative class members could recover for an unmanifested injury. <u>Id</u>. at 629. The court stated that "[w]here, as in this case, a product performs satisfactorily and never exhibits an alleged defect, no cause of action lies." <u>Id</u>. at 628. Plaintiff attempts to distinguish this case without success. He alleges that Leviton's receptacles are inherently defective and are likely to cause an injury, but he does not affirmatively state

10

that he has suffered an injury. Therefore, plaintiff can not show that he is entitled to damages, which is a necessary element of any breach of warranty claim. Id. at 628-30; Carlson v. General Motors Corp., 883 F.2d 287, 297 (4th Cir. 1989).

There is no possibility, based on the allegations of the amended complaint, that plaintiff will be entitled to recover for breach of an implied warranty of merchantability or fitness for a particular purpose and this claim should be dismissed.

## C.

Plaintiff has pled tort claims for unjust enrichment, negligence, and manufacturer's products liability. The Court finds that, absent any claim of current injury, plaintiff's tort claims can not survive a motion to dismiss for failure to state a claim. Plaintiff's vague references to potential harm, such as personal injury and fire loss, are negated by his stated intent to exclude any person from the putative class that has suffered a personal injury or property damage from using Leviton's receptacles.

Plaintiff's claim for unjust enrichment is based on the theory that Leviton has wrongfully retained a benefit by selling a product it should have known was defective. Under Oklahoma law, unjust enrichment "describes a condition resulting from the failure of a party to make restitution in circumstances where it is inequitable." Lapkin v. Garland Bloodworth, Inc., 23 P.3d 958 (Okla. Div. App. 2000). "A right of recovery under the doctrine of unjust enrichment is essentially equitable, its basis being that in a given situation it is contrary to equity and good conscience for one to retain a benefit which has come to him at the expense of another." N.C. Corff Partnership, Ltd. v. OXY USA, Inc., 929 P.2d 288, 295 (Okla. Civ. App. 1996). However, a necessary element of this claim is that the unjust enrichment must be connected to a resulting injustice. Teel v. Public Service Co. of Oklahoma, 767 P.2d 391, 398 (Okla. 1985). Plaintiff provides the following argument in support of his unjust enrichment claim:

> Leviton next argues that, until this point of time, Mr. Harrison's push-in receptacles have been functioning properly so no unjust enrichment remedy is be [sic] available. Whether or not M. Harrison's receptacles have malfunctioned to date, he has become aware of the imminent harm and will replace the unsafe receptacles. Leviton's refusal to reimburse him the cost of safe replacements amounts to an inequitable and unjust retention of a benefit.

Dkt. # 28, at 20. If plaintiff believes a product in his home creates an increased risk of danger, he may remove the product from his home. That does not automatically create an equitable right to recovery if he has not suffered a manifestation of the potential harm. Plaintiff is currently receiving the benefit of a product that is functioning as the manufacturer intended, but has not suffered any injury. See Teel, 767 P.2d at 398-99 (no finding of injustice when plaintiff received the benefit of the bargain). Without an accompanying injury, there is no injustice. Plaintiff has specifically limited his claim to economic injuries, which precludes him from asserting an injustice based on an increased risk of personal injury.

Plaintiff's claims for strict product liability and negligence are not barred by the economic loss rule stated in Wagonner, but by something more fundamental. In negligent or defective design cases, plaintiff's alleged injury must be something more than the defective design; he must have suffered injury caused by the defective design of the product. Burton v. R.J. Reynolds Tobacco Co., 397 F.3d 906 (10th Cir. 2005); Prince v. B.F. Ascher Co., Inc., 90 P.3d 1020 (Okla. Civ. App. 2004). The allegations of the amended complaint establish that receptacles are functioning as intended, but that plaintiff believes there is an increased risk of harm. In order succeed on a claim for negligence or products liability, plaintiff must be able to prove that he suffered an injury caused by defendant's defective design. Seay v. General Elevator Co., 522 P.2d 1022 (Okla. 1974); Kirkland v. General Motors Corp., 521 P.2d 1353, 1360-61 (Okla. 1974). These kinds of claims were not meant to preemptively prevent injury but, rather, they are designed to provide a legal theory to address injuries that have already occurred. Plaintiff's claim that he may have to expend money in the future to replace

a product, or that he faces an increased risk of personal injury, can not be adjudicated as a strict products liability or negligence claim until the product has caused an injury. If the Court were to adopt plaintiff's theory, plaintiff could pursue these claims merely for owning a product that is allegedly defective, but that has not caused any actual harm. Neither a strict products liability claim nor a negligence claim is available in this situation.

**IT IS THEREFORE ORDERED** that defendant's Motion to Dismiss Plaintiff's Amended Class Action Complaint and Brief in Support (Dkt. # 25) is **granted**. The Amended Class Action Complaint (Dkt. # 13) is hereby **dismissed**.

**DATED** this 19th day of October, 2006.

*[Signature]*
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT